**UNITED STATES ATTORNEY'S OFFICE**
PHILIP R. SELLINGER
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> JOSEPH C. HUDSON, III, <br><br> Debtor. | Chapter 13 <br> Case No. 23-20447-CMG <br> Judge Christine M. Gravelle <br><br> **Hearing Date: March 20, 2024** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S CHAPTER 13 PLAN**

> **ATTENTION DEBTOR'S COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 16]. In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Joseph C. Hudson III (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on November 8, 2023 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal tax liabilities for numerous tax years preceding the Petition Date. *See* Claim No. 4.

3. The Service filed a proof of claim against the Debtor in the amount of $824,098.32 (the "Service Claim"), consisting of (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $603,115.70 (the "Priority Claim"); and (ii) a general unsecured claim in the amount of $220.982.62. *See* Claim No. 4.

4. For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable With Respect to the Service's Priority Claim

5. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for significantly less than full payment of the Priority Claim. Plan, Part 3. Nor does it appear that the Debtor is even capable of proposing a Plan that is feasible to pay the Priority Claim, given his scheduled monthly net income of $6,469.00. *See*

Debtor's Schedule J [ECF Doc. No. 14] at 24. On this basis, the Plan cannot be confirmed under Bankruptcy Code sections 1322(a)(2) and 1325(a)(6).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: March 13, 2024

PHILIP R. SELLINGER
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the
United States of America*